EDWARD R. MILLER *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.

SUPERIOR COURT FAIRFIELD COUNTY FILE NO. 146025
AT BRIDGEPORT

Memorandum filed June 16, 1972

*Clancy, Kenney & Ford,* of Bridgeport, for the defendant town of Monroe.

*Robert K. Killian,* attorney general, and *Donald E. Wasik,* assistant attorney general, for the named defendant.

BOGDANSKI, J. The facts here are not in dispute. The plaintiff formerly worked for the employer, the town of Monroe, as a police officer, which position entailed the working of three rotating shifts. He voluntarily left this position because he could not adjust to the shift changes. He then filed a claim for benefits five weeks after termination of employment and was awarded benefits by the administrator. The employer has offered him the same position, which remains open, but he has refused to accept it. Section 31-236 (2) of the General Statutes provides that one who leaves "suitable work voluntarily and without sufficient cause connected with his employment" shall be ineligible for benefits for five weeks.

The employer argues that "if this job was suitable for him once, it remains suitable" and he must return to it when the employer offers it again, or be in violation of § 31-236 (1). Thus, every five weeks this employer could offer the same job, if available, and the plaintiff, if he refuses, would again be disqualified for five weeks. This reasoning would result in two choices for a claimant: (1) refuse the job and be ineligible; or (2) accept the job and be bound to a job he does not want. This result smacks of involuntary servitude and ignores the fact that a job may be suitable to a claimant but become unsuitable later on for many reasons, such as, that a claimant can no longer adjust to it because of mental or emotional inability. The fact that a claimant leaves a suitable job voluntarily because of an inability to adjust to it, and takes his penalty in not being able to collect for five weeks as prescribed by statute, would seem to lead to the conclusion that the job is no longer suitable for him.

There appear to be no cases on this issue in the volumes. Without precedent, logic and common sense would seem to be in order. The law is clear that the Unemployment Compensation Act is remedial and should be construed liberally. *Anthony* v. *Administrator,* 158 Conn. 556, 561.

Just as no employer should be required to employ a person he does not want, so should an employee be free to sever his employment. The consequences of of such termination are spelled out in the law. If the termination is with good cause, he can collect benefits immediately; if not, he cannot collect until five weeks pass.

The fact that the legislature by subsection (1) of § 31-236 separated the subsections, one for the refusal of suitable work and one for the leaving of suitable work, indicates that it was talking about two different situations.

Wherefore, the appeal is hereby dismissed.